DAVID SCHWARCZ*
LIDELL PAGE
ROBERT RIMBERG**
KATHRYN LEE BOYD*
ROB RADER

JEFF NEIDERMAN, ASSOCIATE
RAJIKA L. SHAH, ASSOCIATE
SHERLI SHAMTOUB, ASSOCIATE*
KRISTEN L. NELSON, ASSOCIATE

* Also Admitted in NY
** Admitted only in NY

**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 SAN VICENTE BOULEVARD
SUITE 360
LOS ANGELES, CALIFORNIA 90048

TELEPHONE
LOCAL (323) 302-9488
FACSIMILE (323) 931-4990

KLARY PUCCI, OF COUNSEL
DARCY HARRIS, OF COUNSEL
PROF. MICHAEL J. BAZYLER,
OF COUNSEL

August 28, 2013

**Via Electronic Case Filing**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
U.S. Courthouse and Post Office Building
95 Seventh Street
San Francisco, California 94103

Re:   Response to Notice of Supplemental Authority Filed by Defendant-Appellee Deutsche Bank AG on August 20, 2013
      <u>*Deirmenjian [Berian] et al. v. Deutsche Bank et al.,*</u> Case No. 10-56359

Dear Ms. Dwyer:

       This letter responds to the Notice of Supplemental Authority filed by Defendant-Appellee Deutsche Bank AG, on August 20, 2013 in the above-referenced case ("Notice"), which represents yet another vain attempt by Appellee to rewrite facts relevant to this Court's analysis.

       *Hayes v. Wal-Mart Stores, Inc.*, an out-of-circuit case, concerns a proposed class that the district court had certified notwithstanding the fact that defendant did not have records to identify customers and transactions falling within the class. *See* 2013 U.S. App. LEXIS 15959 at *13-14 (3d Cir. Aug. 2, 2013). The Third Circuit remanded so that plaintiff could have an opportunity to offer "some reliable and administratively feasible *alternative*." *Id*. at *14-15 (emphasis added). Appellee appears to believe that *Hayes* supports its position that its own lack of records regarding "Armenians who deposited assets in the offices of the entity known as Deutsche Bank located in Ottoman Turkey between 1875 and 1915, which were not returned" (as stated in the proposed class definition) dooms the class that Appellant seeks to represent. However, *Hayes* merely points the court to consider the *alternative* method of ascertaining class members proposed by Appellant that the district court failed to consider – a search of Turkish newspaper archives from 1933 onwards for the notices of dormant accounts that banks, including the Turkish Central Bank, were required to publish, which could then be published in newspapers with wide Armenian readership and on the Internet so that successors in interest of the accountholders could come forward. *See* Dkt. 14-1, Op. Br. at 57-58; Dkt. 26, Reply Br. at 29-30. Such a method satisfies both of the Third Circuit's concerns that proof of class membership be founded on something more than

the "say-so of putative class members" and not require "extensive and individualized fact-finding." *Hayes* at *15-16; *accord O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) ("a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member").

        Respectfully submitted,

        /s/ K. Lee Boyd

        K. Lee Boyd, Esq.
        SCHWARCZ, RIMBERG, BOYD & RADER, LLP

cc:    Counsel of record (via ECF filing)

# CERTIFICATE OF SERVICE
When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that I electronically filed

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by Using the Appellate CM/ECF system on

**August 28, 2013**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: /s/ K. Lee Boyd